THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, GERARDO CARREIRA MÁS, JUDGE, Respondent.

No. O-67-385.     Decided November 8, 1967.

*J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for petitioner.

ORDER

An officer of the Criminal Investigation Corps of the Police of Puerto Rico filed two complaints against Elías Gerena Lopés Sánchez, charging him with the commission of two offenses of grand larceny. A prosecuting attorney submitted the charges to the consideration of a District Judge for the determination of probable cause. He offered oral and documentary evidence. The District Judge determined that there was no probable cause to accuse Elías Gerena Lopés Sánchez of grand larceny and on reconsideration ratified his determination.

Relying on the provisions of Rule 24 (c) of the Rules of Criminal Procedure, the prosecuting attorney submitted the matter again to the consideration of a Superior Judge on the same evidence considered by the District Judge. Said

Superior Judge also determined that there was no probable cause.

In order to review the determination of the Superior Judge, the People of Puerto Rico has brought a petition for certiorari to this Court.

■■ The issuance of the writ sought does not lie. In the first place, the magistrates of the Court of First Instance act in their individual capacity in the exercise of their duties and powers to determine the existence of probable cause. Their determinations to that effect are not decisions of a court. See, among others, Rules 3, 5, 6, 22, and 23 of the Rules of Criminal Procedure. The writ of certiorari is issued by a Superior Court to review the proceedings of another inferior court but not to review the determinations of a magistrate on the existence of probable cause in the absence of a law authorizing it. See § 670 of the Code of Civil Procedure. (32 L.P.R.A. § 3491.)

In the second place, in order to grant the relief requested, the provisions of Rule 24 (c) of the Rules of Criminal Procedure cannot be applied by analogy. Said rule provides:

"(c) Effects of the determination that there is no probable cause.

If after the preliminary hearing, the magistrate decides that there is no probable cause, the prosecuting attorney shall not present any information whatever. In this case or when it is determined that there is probable cause of an offense inferior to the one charged, the prosecuting attorney may submit the case again on the same or on different evidence to a magistrate *of higher rank in the Court of First Instance.*" (Italics ours.)

■ That rule does not authorize the review, by way of certiorari, of the determination of the nonexistence of probable cause made by a magistrate of the Superior Court, nor authorizes the resubmission of the matter to a justice of the Supreme Court.[1] The Supreme Court is not a part of the Court

---

[1] As to the power of the Supreme Court to review the decisions of the Court of First Instance, see 4 L.P.R.A. § 37.

of First Instance. The latter is composed of the division of the Superior Court and of the division of the District Court. 4 L.P.R.A. § 61. It is obvious that pursuant to the specific language of Rule 24, prosecuting attorneys are not authorized to submit the determination of probable cause to justices of the Supreme Court since the latter are not magistrates of the Court of First Instance, even though we consider that that is the purpose sought by the present petition for certiorari.

For the reasons stated, the foregoing petition for certiorari is hereby denied.

It was so agreed by the Court as witnesses the signature of the Chief Justice. Mr. Justice Belaval did not participate herein.

(s) Luis Negrón Fernández<br>
<em>Chief Justice</em>

I attest:

  (s) Joaquín Berríos
    *Clerk*